[No. 3344.    Decided December 7, 1899.]

CHEHALIS COUNTY, *Respondent,* v. H. ELLINGSON *et ux., Appellants.*

JUDGMENT—MOTION TO VACATE—NOTICE.

Where plaintiff dismisses his action, through mistake or inadvertence, he cannot afterwards, upon three days' notice, bring the defendant again into court, upon a motion to vacate the order dismissing the cause and for the reinstatement of the cause.

EMINENT DOMAIN—APPROPRIATION OF COMMUNITY REALTY—PARTIES.

Where community property is sought to be condemned for use as a public highway, the wife, as well as the husband, is a necessary party to the proceedings before the county commissioners, for the reason that, under the procedure provided by Laws 1895, p. 85, §§ 11, 13, if the husband alone was a necessary party, he might be enabled to alienate the land sought to be condemned without the knowledge or consent of his wife.

Appeal from Superior Court, Chehalis County.—Hon. CHARLES W. HODGDON, Judge.    Reversed.

*Sidney Moor Heath,* for appellants.

*W. H. Abel,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by the respondent, Chehalis county, to condemn, for a road, land owned by the appellants. The appellants are husband and wife, and it is conceded that the land sought to be condemned is community property. Upon the trial a verdict was rendered for the respondent, finding that the land was sought to be condemned as a road for public use, convenience, and utility, and assessing appellants' damages at the sum of $10. The court granted to respondent judgment of condemnation of the land, and to appellants judgment for $10 damages, and for costs. A demurrer to the complaint was interposed by the appellants and was overruled. The answer alleged the community interest of the wife in the land. Motions of different kinds were made by the appellants, which it is not necessary to notice here; but the court, after refusing to sustain the demurrer, ordered the complaint to be amended, and ordered the wife brought in, to the end that her rights should be adjudicated. The complaint was amended in this particular, after which, on the 22d day of July, upon notice to the appellants and by motion of the respondent, the cause was dismissed. On the 13th of September following, a motion was made to vacate the order dismissing the cause and to reinstate the same. This motion was made upon three days' notice to the appellants. Upon the hearing of the motion the court vacated the order of dismissal and reinstated the cause, which was tried with the result above announced.

It is contended by the appellants that the motion to vacate was made under ch. 17, tit. 28, of Ballinger's Code (a chapter in relation to the vacation and modification of judgments), and that, under § 5157, which provides that "in such proceedings the party shall be brought into court in the same way, on the same notice as to time, mode of service and mode of return, and the pleadings shall be

governed by the same principles, and issues be made up by the same form, and all the proceedings conducted in the same way, as near as can be, as in original action by ordinary proceedings, except that the facts stated in the petition shall be deemed denied without answer, and defendant shall introduce no new cause, and the cause of the petition shall alone be tried," twenty days' notice was necessary. It may be conceded that, if this is the statute governing this proceeding, twenty days' notice should have been given. But it is contended by respondent that the case falls within ch. 10, tit. 27, of Ballinger's Code (the chapter treating of mistakes and amendments). Section 4953 is as follows:

" The court may, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, and may, upon like terms, enlarge the time for answer or demurrer. The court may likewise, upon affidavit showing good cause therefor, after notice to the adverse party, allow upon such terms as may be just an amendment to any pleading or proceeding in other particulars, and may, upon like terms, allow an answer to be made after the time limited by this code, and may, upon such terms as may be just, and upon payment of costs, relieve a party, or his legal representatives, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect." .

It is contended that, inasmuch as no time is prescribed by statute for notice, it must be prescribed by the court, and that a reasonable notice is all that could be required. In ordinary proceedings in court, in the absence of statutory notice, it is doubtless true that it would be the duty of the court to prescribe the notice, and only the reasonableness of the notice could be reviewed by this court. We are inclined to think, however, that, construing all the

statutes together, it was the intention of the legislature to provide for the same notice in this section as is provided for in § 5157. We do not think that the statute contemplates in its provisions a case of this kind, where the party moves to dismiss his own action, but that it is a judgment that is taken against him by his adversary. After a case against a defendant is dismissed, he has a right to depart, and is not bound to notice the action or orders of the court further; and it would seem, without especially plain provision of the statute, he should not be required in a summary manner to again submit himself to the jurisdiction of the court. In any event, we should hold that under the circumstances of this case, considering the fact that the action had been dismissed upon motion of the plaintiff, and that nearly two months had expired before a motion to vacate and reinstate was made, three days was not a reasonable notice. Nor do the affidavits upon which the petition was based come within the provisions of the statute in relation to mistakes, inadvertence, surprise, or excusable neglect. The affidavit of the prosecuting attorney is as follows:

" W. H. Abel, being first duly sworn upon oath deposes and says: That he is attorney for the plaintiff herein; that on or about the ―― day of August, 1898, he caused to be served upon the adverse party a notice that he would move to have this cause dismissed; and thereafter, in accordance with said notice and motion, he procured an order of dismissal without the participation or appearance of the defendants herein, or of their attorney of record; and in doing so affiant acted under the impression that he was authorized and ordered to do so by the board of commissioners of Chehalis county, Washington, and that after the same was dismissed, he discovered that the same was taken through accident, inadvertence and without authority; that the cause of action/sued on herein is just and meritorious; and the act of the affiant in procuring the

·dismissal of said cause was done without written instructions from the commissioners of Chehalis county."

The board of county commissioners makes the following affidavit:

" J. P. Carson, being first duly sworn upon oath deposes and says: That he is chairman of the board of county commissioners of Chehalis county, Washington; that at the August meeting of said board of commissioners the matter of the dismissal of certain suits then being waged by Chehalis county, came up for consideration, and a general order was made by the board of commissioners, directing the county attorney to cause said suits to be dismissed; that this cause was then brought up for discussion and inadvertently, and not otherwise, an order was made to the county attorney to have this cause dismissed; that the same was done of the facts involved in this cause and without any real intention to have the same dismissed."

It seems, then, from the affidavit of the county commissioner, that the attorney was not mistaken when he thought he was authorized by the board to dismiss the action. It also appears from the same affidavit that the matter was under consideration; that an order was made directing the attorney to cause the suit to be dismissed. How that could have been done in so regular a manner, without any real intention to authorize the attorney to have the case dismissed, does not appear. It does not appear that the commissioners were misled, that they were mistaken about any of the facts, or that there was any excusable neglect. The probabilities are that they were mistaken as to the law on the subject; that they thought at the time the order was made that a legal judgment could not be obtained; and the motion to vacate and reinstate the case was, no doubt, prompted by a change of mind on the legal propositions involved. It will not do to allow solemn judgments of courts to be disturbed on any such showing. When rights are once adjudicated, a party to

such adjudication ought to be entitled to rest upon the judgment of the court, unless some better reason is advanced than is indicated by these affidavits. Respondent contends that these affidavits cannot be considered by the court, but we think they are sufficiently identified with the record.

The decision of this question will dispose of the case, but in view of another trial, which may be brought for the purpose of condemning this land, we think it would be well to pass upon a more important question involved, viz., whether or not it is necessary, where community property is sought to be condemned, to make a wife a party to the proceedings before the county commissioners, or whether she is entitled to notice of such proceedings. It is contended here that, under the amended complaint wherein the wife was made a party to the proceedings in the superior court, any defect of notice was cured. We do not so construe the law. Section 11 of chapter 50 of the Laws of 1895 (p. 85) provides that:

" The board of county commissioners at their next meeting after the filing of the report of the viewers, or at the time when the same is filed, if then in session, must fix a time for the hearing of the report, and must cause notice of such hearing to be given to the owners, lessees and incumbrancers of the lands to be taken for such road, who have not consented to the establishment of the road and waived their claims to damages therefor, which notice shall be given as follows: If such owners, lessees and incumbrancers reside or are present within the county, then by serving upon them personally within the county a written notice at least twenty days before the time set for said hearing, setting forth the time and purpose of such hearing; and if any of said owners, lessees or incumbrancers are absent from said county, or for any reason cannot be served personally therein, such notice shall be given, as to them, by posting written notice of the time and purpose of such hearing," etc.

Section 13 provides that, if any award of damages is not accepted within thirty days from the date of the award, it shall be deemed rejected, and the board must then, by order, direct proceedings to procure the right of way to be instituted in the superior court of the county by the county attorney of the county, in the manner provided by law for the taking of private property for public use.

It has been held by this court in *Sagmeister v. Foss,* 4 Wash. 320 (30 Pac. 80, 744), that, where it was sought to subject community property to a lien, the lien notice must name the wife. The lien statute, viz., § 1667 of the General Statutes, under which this decision was rendered, it seems to us, is not so conclusive as to the duty to notify all the owners of community property as are the statutes in relation to condemnation proceedings to which we have just referred. And the very question which was discussed in the case at bar by the respondent was discussed and passed upon by the court in the case of *Sagmeister v. Foss, supra,* as especially shown by the dissenting opinion of Judge SCOTT in that case.

In *Parke v. Seattle,* 8 Wash. 78 (35 Pac. 594), it was held that, in an action against the city for damages for the wrongful appropriation of land which was community property, the wife was a necessary party plaintiff with the husband; and the theory of the respondent in this case, that the husband could act for the wife in the proceedings before the commissioner, is met by the logic of the decision in the *Parke Case,* where the court says:

"The claim of the plaintiff in this case is based upon the fact that the acts of the city in the premises amounted to a wrongful taking of his property; that any damage which destroys substantial value, and inflicts irreparable and permanent injury to such real estate is a taking, etc. It would not be contended—at least, it could not be successfully contended—that the husband alone could authorize such a taking or damaging of the community real estate

in the first instance; and to allow him to bring an action for the recovery thereof would be simply permitting him to do indirectly that which he could not do directly. If he has authority to maintain such an action, it follows that he has authority to compromise it, and to release the claims for which the same was brought. A contrary view was entertained by this court in *Brotton v. Langert,* 1 Wash. 73 (23 Pac. 688)."

The doctrine in that case was reviewed and indorsed in *Lownsdale v. Gray's Harbor Boom Co., ante,* p. 542 (58 Pac. 663). The case at bar is a stronger one than the *Parke Case,* in opposition to the doctrine therein contended for. If the contention of the respondent is logical, then the interest of the wife could be alienated without her concurrence, and even without her knowledge; for, if there is any merit in the notice of the action of the county commissioners which is to be given, it is that the rights of the owners may be there announced, and, under the theory that it is not necessary for the wife to have notice of the proceedings before the commissioners, the husband could consent to the award which is offered, and the wife would be estopped from questioning it. It was not the intention of the law to thus deprive owners of land, whether wives or husbands, of their property without notice. The right of eminent domain is an arbitrary right, and, before owners' property can be subjected to the use of the public, notice must be given of all the essential steps. The authorities cited by respondent are not in point under our statutes governing community property.

The judgment will be reversed, with instructions to dismiss the cause.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.