[No. 3659.  Decided August 30, 1901.]

THE SPOKANE and IDAHO LUMBER COMPANY, *Appellant,* v. CHARLES P. STANLEY *et al., Respondents.*

JUDGMENTS—VACATION—PROCEDURE—WHEN MAY BE BY MOTION.

An application under Bal. Code, §4953, for the vacation of a judgment upon the grounds of mistake, inadvertence, surprise, and excusable neglect is properly made by motion, since the procedure by petition for the vacation of judgments is applicable only to the particular cases set forth in Bal. Code, § 5156, which specially prescribes the procedure to be followed in those cases alone. (*Whidby Land, etc., Co. v. Nye,* 5 Wash. 301, explained.)

SAME—NOTICE.

Three days' notice of hearing upon a motion made for the vacation of a judgment upon the grounds afforded by Bal. Code, § 4953, is sufficient, under Bal. Code, §4886a, which provides that after a party has appeared in an action he shall be entitled to three days' notice of any trial, hearing, motion, application, or proceeding therein, since the twenty days' notice required by Bal. Code, § 5157, upon the filing of a petition to vacate a judgment is confined only to the special proceedings pointed out in the chapter of which it forms a part. (*Chehalis County v. Ellingson,* 21 Wash. 638, overruled.)

SAME—PREMATURE HEARING—HARMLESS ERROR.

The action of the court in setting a motion for the vacation of a judgment for hearing upon the third day after service of notice thereof, while the court rules forbid the court from setting causes, except emergency cases, for hearing earlier than ten days after being noted for that purpose, will be presumed harmless error, in the absence of a showing that it resulted in prejudice.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*Lewis & Lewis,* for appellant.

*Voorhees & Voorhees, Albert Allen* and *Frank S. Allen,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—This is an appeal from an order setting aside and vacating a judgment. The judgment vacated was entered in an action brought to foreclose a mechanic's lien, in which issue of fact had been regularly joined, and after a trial had thereon, of which the respondents had no notice, and at which they did not appear. The application to vacate was made by motion, based upon the grounds of mistake, inadvertence, surprise, and excusable neglect, the facts thereof being shown by affidavits attached to, and served upon the appellant with the motion. The judgment sought to be vacated was entered on the 13th day of October, 1899, and the motion to vacate was served on the 20th of the same month. Notice of the time and place of hearing the motion was served upon the 25th, fixing the time of hearing for the 28th. The appellant appeared specially at the time appointed, and objected in writing to the hearing of the motion, basing its objection upon several grounds, three of which are relied upon here for reversal. It is said—First, that the court erred in holding that the application to vacate the judgment

could be made by motion; second, that the notice given of the hearing of the motion was insufficient as to time; and, third, that the court prematurely set the motion for hearing.

It is the contention of the appellant that the application to vacate the judgment should have been made by petition, in accordance with the procedure pointed out in ch. 17, tit. 28, Bal. Code; that this chapter provides the only method by which the court can obtain jurisdiction of the subject matter of the proceeding and the parties thereto, and that this court so held in the case of *Whidby Land, etc., Co. v. Nye,* 5 Wash. 301 (31 Pac. 752). The first section of the chapter of the Code cited (§ 5153) enumerates eight different causes for which judgments may be vacated. By § 5156 it is provided that the proceedings to obtain the benefit of six of these causes shall be by petition, verified by affidavit, setting forth the judgment, the facts or errors constituting a cause to vacate it, and, if the party is a defendant, the facts constituting a defense to the action; and by § 5157, that the party shall be brought into court in the same way, and on the same notice as to time, as in an original action. No form of procedure is prescribed in this chapter for vacating judgments for the other two causes enumerated in § 5153; and by § 5161 it is expressly provided that the provisions of the chapter shall not be so construed as to affect the power of the court to vacate judgments, as elsewhere provided in the Code. It would seem from this that the legislature recognized other forms of procedure for vacating judgments than the one here particularly mentioned, and intended that this form of procedure should be exclusive only when the application was made under one or more of the causes therein especially enumerated. The cause for which the trial court vacated the judgment in the case before us is

not one of the causes mentioned in § 5153 above cited. These causes are found in § 4953, under the chapter of the Code relating to mistakes and amendments. It is there provided that the court may, in furtherance of justice, upon such terms as may be just, and upon payment of costs, relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect. No form of procedure is prescribed for an application made under this section, nor is the form or time of the notice especially prescribed. We must, therefore, look to the general provisions of the Code relating to notice and procedure, for rules governing the practice under this section, rather than to the special provisions made applicable to particular cases. Under the Code, a judgment is the final determination of the rights of the parties in the action; an order is every direction of a court or judge, made or entered in writing, not included in a judgment; and a motion is an application for an order. Bal. Code, §§ 5080, 5080a. Within these definitions it is clear that an application to vacate a judgment is an application for an order, and it seems equally clear that an application therefor can be made by motion in all cases, and for all causes, where the procedure is not distinctly prescribed, and it is not necessary to bring persons not parties to the judgment before the court. The case of *Whidby Land, etc., Co.* v. *Nye, supra,* is not an authority against this conclusion. While it does not appear from the report of the case, the record shows that the cause for which the application was made was one of those enumerated in § 5153, which § 5156 especially requires shall be by petition.

The statute relating to notice (§ 4886a, Bal. Code) provides that after a party has appeared in an action he shall be entitled to three days notice of any trial, hearing, mo-

tion, application, or proceeding therein.   Time is computed (§ 4896) by excluding the first day and including the last.   Under these statutes, if they are to be permitted to govern in the case before us, the notice was sufficient as to time.   It is said, however, that they have no application to motions of this character, and that this court in effect so held in the case of *Chehalis County* v. *Ellingson,* 21 Wash. 638 (59 Pac. 485).   In that case we did say that § 5157, requiring twenty days notice to be given in a procedure had to vacate a judgment, applied to § 4953, but more mature consideration has convinced us that we were in error.   It is our opinion now that the section cited applies only to the special proceedings for vacating judgments pointed out in the chapter of which it forms a part, and that the general statute relating to notice applies to all other cases.   This, we think, is in accord with the usual practice followed by the superior courts; and, while we regret to do so, it is better that we overrule the case relied upon than to allow it to overturn the established practice.

Finally, it is said that the court erred in hearing the motion before the expiration of ten days after it was noted for setting.   This contention is based upon the rules of the superior court.   The appellant has caused a copy of so much of these rules as presents the question to be certified to this court by the clerk, but, treating them as properly before us, we find nothing therein upon which the appellant can predicate error.   In themselves, they provide that the clause forbidding the setting of causes for hearing earlier than ten days after being noted for that purpose, shall not apply to emergency cases.   It is true the record is silent as to the cause which induced the court to hear the case within the rule time, but error is not presumed; and before the appellant can be heard to

complain, he must show not only a violation of the rule, but that it resulted to his prejudice. Nothing of this kind appears.

Finding no error in the record, the order will stand affirmed.

REAVIS, C. J., and DUNBAR, WHITE and ANDERS, JJ., concur.