[No. 14735. *En Banc.* May 10, 1918.]

THE STATE OF WASHINGTON, *on the Relation of Eleanor Davies, by her Guardian etc., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Calvin S. Hall, Judge, Respondent.*[1]

HIGHWAYS—ESTABLISHMENT—NOTICE—TO MINORS—JURISDICTION—EMINENT DOMAIN. Under Rem. Code, § 5633, requiring notice to be given to property owners of proceedings by county commissioners to establish a county road, the court acquires no jurisdiction of eminent domain proceedings to condemn the land of a minor for whom no guardian *ad litem* was appointed in the preliminary proceedings, since notice of the hearing as to the necessity and route and award of damages by the commissioners was jurisdictional as to such minor; and the objection is available on certiorari to review the proceedings in eminent domain (PARKER, MOUNT, and MAIN, JJ., dissenting).

Certiorari to review an order of the superior court for King county, Hall, J., entered March 16, 1918, adjudging a public use and necessity, in proceedings to condemn land for a county road. Reversed.

*Geo. H. Rummens,* for relator.

*Alfred H. Lundin* and *Wm. J. Steinert,* for respondent.

MACKINTOSH, J.—The relator, Eleanor Davies, is a minor and is the owner of an undivided interest in certain real property in King county. The board of county commissioners of King county, acting under

[1]Reported in 173 Pac. 189.

the law giving them power to lay out and open county roads (Rem. Code, § 5623 *et seq.*), received the report of the county engineer, and fixed a time for the hearing of the report under § 5633, and attempted to cause notice of such hearing to be given the owners of the land to be taken. Had the relator been under no disability, the service of the notice would have been valid, but no guardian had ever been appointed for her. The county commissioners proceeded to a hearing on the report, and having heard and considered testimony for and against the establishment of the road and as to the amount of damages which should be awarded, thereupon passed a resolution declaring a public necessity for the construction of a public road across the relator's land, and fixed the damages for the taking of the relator's land in the sum of one dollar, and tendered that amount to her. The award of damages not being accepted, the board of county commissioners thereafter directed proceedings to procure the right of way to be instituted in the superior court, and a guardian *ad litem* having been appointed for the relator by the court, through him she comes here, questioning the validity of the proceedings by this writ of review.

When the law provided that a property owner should have notice of the proceedings before the county commissioners in regard to the establishment of public roads it meant, and could only mean, that notice must be given to one competent to respond thereto and to one who would be bound thereby. The minor, in response to such notice, could neither bind herself nor be bound by any action of the county commissioners at their hearing.

We have held that,

"in proceedings under the law . . ., the petition is not relied upon as notice to the landowners as to

the exact route the road will finally take. Specific notice to the landowner is now given and he is accorded a hearing before the board on that question. The reference in the petition to terminal points and course is no longer jurisdictional." *State ex rel. Havercamp v. Superior Court,* 101 Wash. 260, 172 Pac. 254.

This minor has had no opportunity to be heard as to the route of the proposed highway that has been established at a hearing where she, on account of her disability, has had no standing. She could not be heard as to the necessity for the establishment of the road nor as to the amount of damages which should be awarded her, nor has she even been able to accept or reject the award proffered her, and the determination of public use has been made without her having the ability to object thereto or acquiesce therein. All the preliminary acts necessary to give the court jurisdiction have been done against one whose voice could not be raised in her own behalf, and yet it is attempted to bind her by these acts. When considering the lack of notice to a wife in a hearing before the county commissioners involving the establishment of a road across community property, we said:

"If there is any merit in the notice of the action of the county commissioners which is to be given, it is that the rights of the owners may be there announced, and, under the theory that it is not necessary for the wife to have notice of the proceedings before the commissioners, the husband could consent to the award which is offered, and the wife would be estopped from questioning it. It was not the intention of the law to thus deprive owners of land, whether wives or husbands, of their property without notice. The right of eminent domain is an arbitrary right, and, before owners' property can be subjected to the use of the public, notice must be given of all the essential steps." *Chehalis County v. Ellingson,* 21 Wash. 638, 59 Pac. 485.

Certainly, if a wife's property cannot be condemned where she has failed to receive notice of the proceedings preliminary to the condemnation suit, much less can the minor in this case have her property subjected to condemnation when, at the commencement of the action before the county commissioners, she was under a legal disability. The appointment of a guardian for her, followed by proper service of the notice of the hearing before the board, would have made possible the necessary preliminary steps before the board and have given the court jurisdiction. Jurisdiction never having been obtained, the order of the board was void and open to attack in this proceeding.

The action will be remanded to the superior court with directions to dismiss.

Ellis, C. J., Holcomb, Fullerton, Chadwick, and Webster, JJ., concur.

Parker, J. (dissenting)—I cannot see my way clear to concur in the foregoing opinion. It seems to me that my learned brother Mackintosh, and those concurring with him, have not fully appreciated the distinction between the preliminary proceeding before the county commissioners and the eminent domain proceeding thereafter in the superior court.

The proceeding before the county commissioners is not a judicial proceeding involving any constitutional due process of law guaranty, but is a mere administrative proceeding. It does not result in the taking of anyone's property, except it be by consent of an owner who is capable of consenting thereto. Its only purpose is to determine the location of the proposed highway and what amount of compensation for rights of way through private property shall be offered to the respective owners thereof. It is too elementary to require citation of authorities that the statute need not

require any notice to any one in that proceeding, in so far as due process of law is concerned. The legislature could have entirely dispensed with notice thereof and authorized the commissioners to decide these questions without any hearing of owners of the property through which the highway should be located. It follows as a matter of course that the legislature could have required a mere publication notice, or any other notice of as meager a character as it deemed wise to provide for.

Of course, this is not true of the eminent domain proceeding in the superior court, because that is a pure judicial proceeding under our constitution, which results in a judgment divesting an owner of property for public use, wherein notice in the nature of a summons must be issued and served in such manner as to satisfy the constitutional due process of law guaranty; but it is not claimed here that our statutes do not provide for such notice, nor that our statutes do not provide for the representation of a minor or other incompetent defendant in such proceeding by a guardian; nor is there any sound ground for contending that such notice was not issued and served upon this minor, or that she is not being represented by a proper guardian in this eminent domain proceeding. We have numerous statutes providing for the representation in judicial proceedings, including eminent domain proceedings, of minors and other incompetents by guardians, as in sections 188, 1564, 1644, 7781, 8829, and other sections of Rem. Code, but there is no provision in our county road law providing for the appointment of a guardian, either general or *ad litem,* to represent a minor owner in the proceeding before the county commissioners, or making it the duty of the county commissioners to see that a minor or other incompetent person is represented in the preliminary administra-

tive proceedings before them looking to the location of the highway and the making of an offer of compensation for land to be taken therefor. I believe it is safe to assert that it has never been held, in the absence of statutes so providing, that there is any necessity for a minor being so represented in such a proceeding in order to make the decision of the acting administrative body valid. The notice to this minor of the proceeding before the commissioners was given as the county road law provides; and since the statute requires nothing more looking to the acquiring of jurisdiction by the county commissioners, and since that proceeding does not take her property without just compensation, I am of the opinion that there was no want of jurisdiction in the commissioners to render a final determination upon the questions the law commits to them as preliminary to the institution of eminent domain proceedings.

Our decision in *Chehalis County v. Ellingson*, 21 Wash. 638, 59 Pac. 485, I think, is easily distinguishable from the present case. In that case, there was a want of notice, as the road law requires, to one of the owners of the property, to wit, the wife. In this case, there is no want of notice of the preliminary proceedings. It was given in the manner the road statute provides. Even in a judicial proceeding a minor is served with process as any other defendant, before the question of his representation by a guardian arises. This is not a question of notice to a minor, but a question of the duty of the commissioners to see that this minor is represented before them by a guardian. Suppose the statute had provided for notice to owners and the public by publication, and the commissioners had complied therewith. This would have been but the adoption of a very common method of giving notice preliminary to action by an administrative body. Yet

the logic of the foregoing opinion, it seems to me, is that, even in such case, a minor owner of property that might ultimately be taken by eminent domain proceedings would have to be represented before the county commissioners by a guardian before they could act upon the matter. I cannot believe that such is the law, or that such was the legislative intent in the enactment of this statute.

It is argued that, by this view of the law, a minor owner is in effect deprived of his opportunity to be heard upon the question of the location of the proposed road. The same argument might be made as to the preliminary proceeding looking to the making of a local improvement when the question of the making of the improvement is decided by the city authorities upon a published notice, as has for years been a common method of procedure. Yet I never heard it suggested that it was necessary to have a minor owner of property represented by a guardian before the city authorities on the question of the making of the improvement. Other proceedings before administrative bodies could be instanced.

It is also argued that such minor owner loses the benefit of any offer of compensation which the county commissioners may make looking to the avoiding of eminent domain proceedings. If such minor owner does lose such opportunity, it is only because the situation is such that an offer cannot be accepted by him; but that is not the taking from him of any right guaranteed him by any constitutional provision. His property is not taken, nor can it be taken, except by eminent domain proceedings properly brought against him by service of summons as in an ordinary civil action and his representation therein by a proper guardian. This minor owner has been given every *right and opportunity which the statute gives her,* in the absence

of which she would have no right to be heard at all upon the question of the location of the road. As to the estimate and offer of award to be made by the county authorities, that, as I view it, is for the benefit of the county rather than the owner, to the end that the county may avoid the expense of an eminent domain proceeding, all of which expense it has to bear, even the expense of the defendant owners' costs in that proceeding.

I am of the opinion that the superior court should be affirmed.

MOUNT and MAIN, JJ., concur with PARKER, J.