[No. 14379. *En Banc.* October 30, 1918.]

MOUNT VERNON NATIONAL BANK, *Appellant,* v. FIRST NATIONAL BANK OF MONROE, *Respondent,* J. W. McCORMICK *et al., Defendants.*[1]

JUDGMENT (118)—VACATION—NATURE AND FORM OF PROCEEDING. The vacation of a default judgment for mistake and inadvertence in properly noting the return day may be had on motion, and need not be by petition as provided in Rem. Code, § 467.

SAME (41, 99)—DEFAULT—VACATION—DISCRETION. It is not an abuse of discretion to vacate a default judgment on account of mistake and inadvertence of the cashier of defendant bank in making a note of the return day beyond the time when an answer should have been made, and the mistake of the clerk in filing the answer in another cause.

SAME (29)—DEFAULT—WAIVER. Acceptance of the $25 paid as a condition for the vacation of a default judgment estops the plaintiff from contesting the order of vacation.

[1]Reported in 176 Pac. 13.

Appeal from an order of the superior court for Sno-homish county, Alston, J., entered May 10, 1917, vacating a default judgment, after a hearing before the court. Affirmed.

*Shrauger & Henderson,* for appellant.

*J. A. Coleman* and *James M. Hogan,* for respondent.

MOUNT, J.—This appeal is from an order of the trial court vacating a judgment taken by default against the First National Bank of Monroe. The plaintiff has appealed.

It appears that the appellant brought an action against the defendants McCormick and Thompson to recover a balance due upon a promissory note. At the time the action was brought, the appellant applied for a writ of garnishment, and such writ was issued and served upon the First National Bank of Monroe on the 11th day of December, 1916. At the time of the service of the writ, the cashier of the respondent bank noted upon a desk pad the time when he should file an answer. By inadvertence and mistake, this date was after the date required by law when the answer should be made. When the twenty days expired for answer, the appellant applied for a default judgment against the respondent. A judgment was entered for the full amount claimed against the defendants in the original action. The respondent, having no notice of the default action, prepared and filed an answer denying any indebtedness, or any property under its control belonging to the defendants in the original action. This answer, by mistake of the clerk, was filed in another case. Thereafter the respondent was notified that a judgment had been entered, and immediately filed a motion to vacate the judgment upon the grounds of inadvertence, mistake and excusable neglect. This motion was based

upon an affidavit stating the facts substantially as above, and also showing that an answer had been filed denying any liability. The affidavit also showed that, prior to the time the answer was filed, a copy thereof was mailed to the attorneys for the appellant. The attorneys for the appellant, however, denied that they had received a copy of the answer. This motion was heard by the trial court and an order was made vacating the default, setting aside the judgment and permitting the answer of the respondent to be filed. This order was made conditional upon the payment of $25 by the respondent to counsel for the appellant. The $25 was paid and was received by counsel for the appellant.

The appellant makes two contentions here, to the effect, first: That the court had no jurisdiction to set aside the judgment, by motion, upon the grounds stated; and second, that the court abused its discretion in vacating the judgment. It is argued by the appellant that the proper procedure was the one provided for in § 467, Rem. Code, by petition, and not by motion. In the case of *Spokane & Idaho Lumber Co. v. Stanley*, 25 Wash. 653, 66 Pac. 92, we had occasion to consider this question, and there held that, in cases of this character, the court had jurisdiction and that a motion to vacate a judgment upon the grounds here stated was a proper proceeding. It is unnecessary to further consider this question.

It is next argued that the court abused its discretion in setting aside the judgment. The statute, at Rem. Code, § 303, provides that the court may, upon such terms as may be just, and upon payment of the cost, relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect. The facts in the case are not disputed, and we think there is no merit in the contention

that the court abused its discretion in vacating the judgment. If the appellant did not owe the defendants in the original action, it was clearly the duty of the court, under the circumstances, which are not disputed, to permit a trial of that question.

Another sufficient reason for affirmance is the fact that the judgment was vacated upon condition of the payment of $25. This was paid by respondent and received by counsel for appellant, which was thereby estopped from contesting the order.

Affirmed.

All concur.