# CASES

## ARGUED AND DETERMINED

#### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### MINFORD *v.* OLD DOMINION STEAM-SHIP CO.

*(Circuit Court, S. D. New York. November 7, 1891.)*

JURISDICTION OF CIRCUIT COURT—VENIRE.
   When the jurisdiction of the circuit court arises only from the fact that the plaintiff and defendant are citizens of different states, suit may be brought, under Act Cong. Aug. 13, 1888, (25 St. at Large, 433,) in the circuit court of the district in which either the plaintiff or the defendant resides; and where the defendant is a corporation organized under the law of another state, but maintaining an office in the state wherein the plaintiff resides, suit may be brought in the circuit court of the latter state.

At Law. Motion to set aside service of process.
*Robinson, Bright, Biddle & Ward,* for the motion.
*McAdam & McAdam* and *H. H. Shook,* opposed.

BROWN, J. The plaintiff is a citizen and resident of this district· The defendant is a corporation organized in the state of Delaware, having a place of business in this city, and properly served with process here. The motion is made to set aside the service for want of jurisdiction of the cause, it being contended that under the act of August 13, 1888, (25 St. at Large, 433,) the defendant could be sued only in the state of its incorporation. The previous decisions in this circuit cited in support of the motion do not rest upon the construction of the statute contended for. In *Filli* v. *Railway Co.,* 37 Fed. Rep. 65, the plaintiff was a non-resident and the railway company was organized in another state. In *National Typographic Co.* v. *New York Typographic Co.,* 44 Fed. Rep. 711, one of the plaintiffs was a non-resident, as well as the defendants as to whom the dismissal was granted, and proceeded upon other grounds. In the case last cited the circuit judge states that he follows the decisions of Mr. Justice BREWER in *Booth* v. *Manufacturing Co.,* 40 Fed. Rep. 1, and of SHIRAS, J., in *Myers* v. *Murray,* 43 Fed. Rep. 695.
   v.48F.no.1—1

These citations sufficiently show that the point considered was different from the present, for in the last case it was directly adjudged that where the parties stand in the same relation as in the present case the court had jurisdiction of the action, the motion to remand being denied. On referring to the act of congress itself, there seems to me no doubt of the jurisdiction in the present case, since it is expressly provided that "where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." This is a clear qualification of the language immediately preceding, and authorizes suit in the circuit court of the district where the plaintiff resides, when, as in this case, the jurisdiction is founded only on the fact that the action is between citizens of different states. The provision of the statute itself seems to me so clear that it is unnecessary to refer to the extreme inconvenience of any different construction. Motion denied.