[No. 3478.   Decided December 6, 1900.]

ZERVIAH B. DANE, *Respondent, v.* MELISSA K. DANIEL *et al., Appellants.*

MORTGAGES—FORECLOSURE.

Under the laws of this state, a mortgage upon realty creates merely a lien thereon and does not pass title thereto, either before or after condition broken; and hence a suit in strict foreclosure, where the mortgagee is proceeding against the owner of the fee, whether such owner be the mortgagor or a subsequent purchaser from him, is unauthorized either by the statute, or by the nature of a mortgage under the statute.

SAME—COMMUNITY PROPERTY—PARTIES.

In an action to foreclose a mortgage upon community real property, both husband and wife are necessary party defendants, although the record title to the premises may be in the name of but one of the spouses.

ESTOPPEL—COMMUNITY PROPERTY IN NAME OF ONE SPOUSE—FAILURE OF OTHER TO FILE CLAIM.

The failure of one spouse to file in the office of the county auditor an instrument setting up his or her claim in community property held in the name of the other spouse, as provided by Bal. Code, § 4545, does not estop such spouse from claiming an interest therein, except as against such *bona fide* purchasers as purchase without knowledge of the existence of the marriage relation, or who could not, by the exercise of reasonable diligence, have obtained such knowledge.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Reversed.

*R. L. Edmiston* and *A. E. Gallagher,* for appellants.

*Domer & Estep* and *Happy, Hindman & Langford,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The respondent, in her complaint, alleged: That on November 15, 1890, George E. Spoor and Bella H. Spoor, his wife, being then the owners of certain real property situated in the county of Spokane, mortgaged the same to the Lombard Investment Company to secure the payment of their certain joint and several negotiable real estate first mortgage coupon bond for the sum of $5,000 and interest, given by them to evidence a loan made to them on that day by the Lombard Investment Company; that on the 29th day of November, 1890, the said Lombard Investment Company sold the bond and assigned the mortgage to the respondent; that Spoor and wife defaulted in the payment of the principal and interest due on the bond, and that on the 27th day of April, 1897, the respondent began a suit in the superior court of Spokane county to foreclose the mortgage, making parties defendants, among others, one P. M. Daniel and one Lelia A. Dyer; that such proceedings were had in such

foreclosure suit as to result in a foreclosure of the mortgage and the sale of the mortgaged premises to the plaintiff, which sale was afterward in all respects duly · confirmed by the court.     The complaint then continues as follows:

"6.     That under said foreclosure and sale and the said certificate of sale from the said sheriff, executed in pursuance of said judgment, the plaintiff entered into possession of said mortgaged premises, and the receipts of the rents and profits thereof, and has since continued, and still is, in possession thereof.     That she then believed she had acquired under said foreclosure, a perfect title to the said mortgaged premises, free from all liens and incumbrances and rights of redemption other than the statutes of the state of Washington would give said defendants; but that she has since been informed and believes that the defendants, Melissa K. Daniel and E. J. Dyer, have, or claim to have, an interest in and to the said premises by virtue of the said Melissa K. Daniel claiming to be the wife of the said P. M. Daniel, and E. J. Dyer claiming to be the husband of the said Lelia A. Dyer, which rights, if any, are inferior and subsequent to the lien of the mortgage under which said foreclosure sale was made, the said P. M. Daniel and Lelia A. Dyer being grantees of the said premises from the said Spoors, subsequent to the execution of the mortgage aforesaid to the Lombard Investment Company.

"7.     This plaintiff was already the owner of the said mortgage under which said sale was had, and she is advised that by the said sale she has acquired the rights which the Anglo-American Land Mortgage and Agency Company, Henry Hardy, P. M. Daniel, Lelia A. Dyer, and Powers Dry Goods Company, who were defendants in said action, had to redeem from the mortgage held or claimed by the plaintiff, other than the statutory rights given defendants to redeem the premises from the foreclosure sale.

"8.     That the amount which was due and owing to the plaintiff in said action on the said mortgage, at the time

of the entry of said decree of foreclosure and sale, exclusive of the costs and expense of said action and of said sale was the sum of $5,966.66, and interest thereon from the 11th day of January, 1898, no part of which has been paid, except as it was paid by the proceeds of said sale, under which this plaintiff claims.

"9.  That the rents and profits received by this plaintiff from said premises have not been so great in amount as the annual interest on said mortgage, under which said foreclosure was had, and have not amounted to more than the sum of $175; that the plaintiff claims that the amounts paid by her for taxes, repairs, and so-forth, should be allowed to her, and added to the said mortgage and interest thereon; and that there is now due and owing to her thereon, the sum of $6,350.

"10.  That the plaintiff has applied to said defendants, Melissa K. Daniel and E. J. Dyer, and requested them to pay the plaintiff the said sum so due on the said mortgage held by the plaintiff, or to come to an accounting with her thereon, and, after the proper charges and credits, to pay to said plaintiff what should appear to be due her on said mortgage, or, in default thereof, to release their rights and equity of redemption in said mortgaged premises; but that the said defendants have hitherto refused, and still refuse so to do, or to comply with any part of plaintiff's request.

"11.  The plaintiff further says that the said premises are not near the equal in value to the amount due this plaintiff under said mortgage, the said premises not exceeding in value the sum of $4,500.

Wherefore the plaintiff demands judgment that an account may be taken of what is due and owing to the plaintiff for principal and interest on said mortgage, and that an account may also be taken of the rents and profits of the said mortgaged premises which have been received by the plaintiff, and also of the expenditures of the plaintiff for repairs, taxes, and so-forth; that the said defendants pay to this plaintiff what may be due her on taking the said account with the costs of this action, within

a time to be appointed by the court for that purpose, or, in default thereof, that the said defendants and all persons claiming under them, be absolutely barred and foreclosed of and from all right, title, and equity of redemption in and to the said mortgaged premises, and each and every part thereof; and that the plaintiff have such other and further relief as in the premises may be just and equitable."

The appellants appeared separately, and demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. On their demurrers being overruled, they answered separately. The answers were, in substance, the same, and admitted the execution of the mortgage, the proceedings taken to foreclose the same, and that P. M. Daniel and Lelia A. Dyer were grantees of the Spoors. They denied there was anything due or owing on the mortgage, the allegation of want of knowledge on the part of respondent of their interest in the property, and all of the allegations contained in paragraphs 9 and 11 of the complaint. They then pleaded affirmatively the foreclosure proceedings had by respondent, averring that the mortgage indebtedness was satisfied thereby, and that such satisfaction was entered by respondent on the records of the court. Further answering, they alleged that Melissa K. Daniel was the wife of P. M. Daniel, and that E. J. Dyer was the husband of Lelia A. Dyer; that all that part of the mortgaged property conveyed by the Spoors to P. M. Daniel became and now is the community property of himself and wife; that all that part of the property conveyed by the Spoors to Lelia A. Dyer became and now is the community property of herself and husband;—all of which was well known to the respondent and her attorney at the time the foreclosure proceedings were had. The court sus-

tained a general demurrer to the new matter contained in the answers, and thereafter a trial was had on the issues made by the denials to the allegations of the complaint.

The evidence introduced at the trial was very meagre. Two witnesses testified as to the marketable and rental value of the mortgaged premises, and the attorney for respondent as to the reason why the appellants were not made parties to the original foreclosure suit. His testimony we quote in full:

"Q.   Mr. Domer, were you the attorney for plaintiff in the original foreclosure proceedings on the mortgage referred to in this action?

A.   Yes, I was.

Q.   You may state to the court why Melissa K. Daniel and E. J. Dyer were not made parties to that action.

A.   The plaintiff furnished me an abstract of the title to the property, and their names did not occur as ever having any interest in the property. The names of P. M. Daniel and Lelia A. Dyer appearing as subsequent grantees of the mortgagors, and relying upon the abstract, I did not make these parties to that action.

Q.   Did you know at the time that P. M. Daniel was a married man, or that Lelia A. Dyer was a married woman?

A.   No, I did not.

Q.   When did you learn that they were married?

A.   About the time of the sale under the first foreclosure.

Q.   Was there any notice of record from Melissa K. Daniel or E. J. Dyer claiming any community interest in this property?

A.   No, there was not.

Q.   Mr. Domer, you were familiar, were you not, with the statute of this state requiring wives who claimed a community interest in real estate, to place on record a declaration to that effect?

A.   Yes, sir.

CROSS EXAMINATION

Q. Mr. Domer, did the abstract of said property which you examined show that Mr. P. M. Daniel was a single man?

A. No, it did not.

Q. Did you make any effort or inquiry at all other than examining said abstract to ascertain if P. M. Daniel was a married man, or that Lelia A. Dyer was a married woman?

A. No, I did not, except to see that no notice of claims of a community interest in the property described in the complaint had been filed with the county auditor of Spokane county.

Q. You expected and relied upon said abstract to show whether or not such a community claim had been filed, did you not?

A. Yes, sir; I did."

One witness was sworn on the part of the appellants, who testified as follows:

"I have known defendants Melissa K. Daniel and her husband, P. M. Daniel, for about nine years. They purchased the property described in the complaint herein in 1890, for about fourteen thousand dollars. They occupied the same as a family residence during the years 1890, 1891 and 1892. Since 1892 I have acted as agent and attorney for them, and know that they are now, and during the ten years last past, have resided together as husband and wife. That the house on said property cost about nine thousand dollars and that it is now reasonably worth seven thousand dollars, judging from sales recently made in this city; that the records in the auditor's office in Spokane county show various transfers of property made by P. M. Daniel and Melissa K. Daniel, his wife; that up to and sometime before the commencement of the first suit of foreclosure, I was renting the house on this property for forty dollars per month, net; that rents are higher now than they were then; that, after the said suit

was entered, there was change of tenants, and, owing to the pending suit, I was unable to rent the house for more than thirty dollars per month, net, which obtained until tenant vacated because of being disturbed by the agents of plaintiff herein, in March. That defendant E. J. Dyer and the said Lelia A. Dyer are husband and wife, and for ten years last past have resided together as such in the city and county of Spokane, Washington; that said property is, and for long prior to said attempted foreclosure was, the community property of P. M. Daniel and Melissa K. Daniel, to-wit: lots 1 and 2, block 59 of Second addition to Railroad addition, and the west half of lot 3, block 59, Second addition to Railroad addition, is and was community property of E. J. Dyer and Lelia A. Dyer.

That P. M. Daniel and Melissa K. Daniel are not residents of Spokane, nor of the state of Washington, but now reside and have for a number of years prior to the former foreclosure suit, at Los Angeles, California."

The court thereupon made findings of fact and conclusions of law, holding that by the original foreclosure suit and the sale thereunder the respondent acquired all the rights the defendants in that action had in the premises described in the mortgage, except the statutory right to redeem from the foreclosure sale; that the omission of the appellants from the original foreclosure suit was an "excusable mistake and neglect" on the part of the respondent's attorney, and that the respondent was entitled to a decree requiring the appellants to redeem the premises from the lien of the mortgage within one year by paying the plaintiff the sum of $6,450 and the costs of this proceeding; and "that, in case of their failure so to do, that they, and each of them, and all persons claiming under them or either of them, shall be forever barred and fore-closed of all right, title, or interest in said premises or any part thereof," and entered a decree in accordance therewith.

Under the statutes of this state a mortgage of real property does not convey to the mortgagee the title to the mortgaged premises, either before or after condition broken. A mortgage is a lien simply, a mere security for the payment of money, and is satisfied and extinguished by the payment of the money for which it is given as security at any time before the sale of the mortgaged premises under a judgment or decree of foreclosure. After condition broken, the statutes confer on the mortgagee the right to have the amount due him by reason of the broken condition determined by a judgment or decree of a court, the mortgage foreclosed, and the mortgaged property sold at public auction, and the proceeds of the sale applied in satisfaction of the amount found due. As the legal title does not pass by the execution of a mortgage, there can be no such thing as an equity of redemption in a mortgagor, or a subsequent grantee of a mortgagor, as that phrase is understood and defined by the courts in those jurisdictions where a mortgage is held to convey the legal title to the mortgaged premises. Here the right to redeem is a statutory right, arising by virtue of the statute at the time of the sale, and expiring at the end of the statutory period. No suit or other proceeding is necessary to cut it off. The power which created it fixed its limitation, and beyond that it cannot extend. *Hardy v. Herriott,* 11 Wash. 460 (39 Pac. 958); *Hays v. Merchants' National Bank,* 14 Wash. 192 (44 Pac. 137). As was said by Mr. Justice TURNER in *Parker v. Dacres,* 2 Wash. T. 439 (7 Pac. 893):

"The proceeding to foreclose such a mortgage is entirely different from that to foreclose the equity of redemption, which, to meet the hardships of the common law conception of a mortgage, was a creation of the courts of equity. Under our theory of a mortgage, there is no such thing as an equity of redemption in the mortgagor. The legal

title has never passed from him. The equity is in the mortgagee, and consists in his right to have the mortgaged property sold to secure the payment of the mortgage debt."

This being so, a suit in strict foreclosure, where the mortgagee is proceeding against the owner of the fee, whether such owner be the mortgagor or a subsequent purchaser of the mortgagor, is unauthorized and unwarranted either by the statute, or the nature of a mortgage under the statute. While a strict foreclosure may be the natural remedy where a mortgage is regarded as a conditional sale of the land mortgaged, it has no place under a system like ours, where the title remains in the mortgagor, and the mortgagee has only a lien. *Stevens v. Ferry,* 48 Fed. 7. Now, the interests of the appellants in the lands in question were those of owners of the fee. The deed of the Spoors to P. M. Daniel conveyed the legal title to that part of the land described therein to him and his wife, making it their community property. So, likewise, the deed to Lelia A. Dyer made the property described in it the community property of herself and husband. The appellants, then, having an interest in the property as owners, could not be foreclosed of such interests by a proceeding in strict foreclosure, and the decree entered by the trial court is erroneous if it is to be construed as passing the title the appellants had in the mortgaged property to the respondent.

The principal reliance of the respondent, however, is upon the contention that the title of the appellants passed by the original foreclosure proceedings and sale thereunder, leaving in them, if anything more than their statutory right to redeem, the right only to their day in court to contest the liability of the property to be sold for the satisfaction of the mortgage debt; and, she argues, the present suit was proper as giving them their day in court and the opportunity to make such contest. In other words,

the contention is that both of the spouses are not necessary parties to a suit brought to foreclose a mortgage covering their community real property. While the precise question here suggested seems not to have been determined by this court, the principle involved has received frequent consideration. *Littell & Smythe Mfg. Co. v. Miller,* 3 Wash. 480 (28 Pac. 1035), was a suit brought to foreclose a mechanic's lien upon community real property. The contract for the improvement out of which the lien arose was made by the husband, and he was made the sole defendant in the proceeding brought to foreclose the lien. It was objected that the suit could not be maintained because of the non-joinder of the wife. This objection, although overruled by the trial court, was sustained here, and the judgment reversed on this ground alone. SCOTT, J., who delivered the opinion of the court, said:

"Notwithstanding the fact, however, that the husband individually can incur the debt, in all suits to foreclose liens upon community real estate the wife is a necessary party defendant. She has at least as much right to contest the facts making the same a charge against the community as the husband has. There can be no sale of the husband's or wife's interest in the community property separately during the existence of the community. Sec. 1959 of the Code, authorizing the interest of a party owning less than a fee simple to be sold, does not apply to such a case."

So, also, in *Sagmeister v. Foss,* 4 Wash. 320 (30 Pac. 80, 744), it was held that the wife was a necessary party to a suit brought to foreclose a mechanic's lien upon community real estate. In *Seattle v. Baxter,* 20 Wash. 714 (55 Pac. 320), the question was whether a wife was a necessary party to a suit brought to foreclose an assessment lien upon community real property. There it was

said: "The affirmative of this question is too well settled in this state to admit of present discussion." In *Parke v. Seattle,* 8 Wash. 78 (35 Pac. 594, 34 Am. St. Rep. 839, 20 L. R. A. 68), it was held that the wife was a necessary party plaintiff with the husband in an action to recover damages for the wrongful taking of community real property; and in the late case of *Lownsdale v. Gray's Harbor Boom Co.,* 21 Wash. 542 (58 Pac. 663), it was held that in an action to recover the possession and the rents and profits of community real property, the wife was a necessary party plaintiff with the husband. Chief Justice GORDON, in announcing the opinion of the court, after reviewing the case of *Parke v. Seattle,* 8 Wash. 78, used the following language:

"We are satisfied with the reasoning and conclusion arrived at in that case, and think that it controls the question in the present case, notwithstanding that in the present case the recovery was limited to the possession of the property and to the value of the rents and profits. It seems to us that, if the husband can maintain the action for rents and profits of community real property, he can do so only upon the theory that he has power in the first instance to make a lawful lease of it. A lease is an incumbrance, and, under § 4491, Bal. Code, the husband, while having the management and control of the community real property, is expressly prohibited from conveying or incumbering it, unless the wife joins with him. We think that every objection which can be urged against the maintenance of an action by the husband alone to recover damages for the appropriation of community real property applies to an action brought by him for the recovery of rents and profits of community real property, and applies with even greater force to an action brought to recover its possession. As is well said in the *Parke Case,* if he can maintain the action he can compromise it. The effect of that compromise might be to effectually dispossess the community of the land, or, at least, to seriously

incumber it. It violates the spirit, and we think the letter, of §4491, *supra*, and is not to be tolerated."

It would seem to be hard to distinguish the principle of these cases from that of a case brought to foreclose a mortgage lien. But the respondent contends that the latter falls within the principle of another line of decisions announced by this court, represented by the cases of *Calhoun v. Leary,* 6 Wash. 17 (32 Pac. 1070); *Curry v. Catlin,* 9 Wash. 495 (37 Pac. 678); *Bryant v. Stetson & Post Mill Co.,* 13 Wash. 692 (43 Pac. 931), and their kindred cases, in which we hold that under a judgment rendered upon a community debt against the husband alone the community real property of the husband and wife may be sold, and that the entire interest of the community will pass to the purchaser at such sale. It will be noticed that the court does not, in any of the cases cited, hold that the husband is without power as the managing and controlling agent of the community real property to create a debt for which the community property may be sold. The distinction is, that in the one line of cases it is held that the wife must be made a party and given an opportunity to defend, before the community property can be sold to satisfy the debt; while in the other, it is held that the property may be sold without her being joined in any of the proceedings prior to the sale, but that the sale is open to contest by her. In my opinion, it would have been the better rule to have required the wife to be joined in all cases where the community property is sought to be sold for a community debt, and leave the judgment of no force as a lien thereon when she is not a party. By permitting the sale to be first made, and afterwards contested, uncertainty is introduced where the utmost certainty obtainable should be required. However this may be, the rule, as applied to the facts of the given

cases, has become so firmly established by the decisions of this court that it is not now to be overturned. But we will not extend it beyond the point to which it has already gone, or hold it applicable to cases not strictly within the facts of the cases in which it has been applied. We conclude, therefore, that the husband and wife are both necessary parties to an action to foreclose a mortgage upon their community real property. In so concluding, it is proper to add, we have not overlooked the cases of *Turner v. Bellingham Bay Lumber, etc., Co.,* 9 Wash. 484 (37 Pac. 674), and *Leggett v. Ross,* 14 Wash. 41 (44 Pac. 111).

The evidence does not bring the case within the principle announced in *Sadler v. Niesz,* 5 Wash. 182 ( 31 Pac. 630, 1030), or *Nuhn v. Miller,* 5 Wash. 405 (31 Pac. 1031, 34 Am. St. Rep. 868). The rule announced in *Adams v. Black,* 6 Wash. 528 (33 Pac. 1074) is more nearly in point. Nor is the husband or wife estopped from claiming an interest in community real property by failing to file the claim provided for in §4545 of the Code (Ballinger's). The act, of which that section is a part, is intended to protect "actual *bona fide* purchasers" of community real property; that is, such persons as purchase without knowledge of the existence of the marriage relation, or who could not, with reasonable diligence, have obtained such knowledge. The evidence of the attorney is not sufficient to establish a claim of this kind in the present case.

The judgment is reversed and remanded with instructions to dismiss the action.

DUNBAR, C. J., and REAVIS and ANDERS, JJ., concur.