[No. 4038.   Decided March 29, 1902.]

ZERVIAH B. DANE, *Respondent,* v. P. M. DANIEL *et al.,*
*Appellants.*

| 28 | 155 |
| 28 | 311 |

APPEALABLE ORDER — VOLUNTARY DISMISSAL OF ACTION.

An order granting plaintiff's motion for the voluntary dismissal of his action is an appealable one, where prior to such dismissal he has obtained an order of the court vacating a decree of foreclosure and sale thereunder in the same action, since the dismissal was a final order to the extent of entitling defendants to a review of the errors alleged in setting aside the decree.

JUDGMENT — WANT OF JURISDICTION — VACATION.

Where a decree of foreclosure against community property was rendered upon service on one spouse only, it was made without jurisdiction over the community and the court had inherent power to vacate it on motion, irrespective of the lapse of time.

SAME — SUFFICIENCY OF SHOWING.

A motion to set aside a judgment for want of jurisdiction being a direct attack, it is not necessary that lack of jurisdiction appear from an inspection of the record, but it is sufficient if it is brought to the attention of the court *dehors* the record.

SAME.

Where an affidavit in support of a motion for vacation of a judgment stated facts showing that the trial court had rendered a void decree, the truth of which was confessed by demurrer, it was the duty of the court to clear its record.

SAME — POWER OF COURT TO CORRECT JUDGMENT.

Bal. Code, § 4953, which provides that "the court may, in the furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, and may, upon like terms, enlarge the time for answer or demurrer," is broad enough to include a proceeding to set aside a void judgment instituted by the person in whose favor the judgment was rendered, where the invalidity was due to the failure to include proper parties.

SAME — EX PARTE ORDERS.

Where a judgment has been vacated and the case re-established, it is within the power of the court to dismiss the action on plaintiff's motion, without notice to defendants, where the latter are not claiming any affirmative relief.

SAME — NOTICE OF MOTION — TIME NECESSARY.

Upon motion to set aside a void judgment, twenty days' notice is not necessary, as in applications under Bal. Code, § 5157, for the vacation of judgments, but it is sufficient if three days' notice is given to the adverse party.

SAME — SERVICE OF MOTION TO VACATE ON ATTORNEYS.

Service of a motion to vacate a void judgment may be made upon the attorneys of the adverse party in the original action, since an attorney's authority to represent his client does not cease until a judgment not subject to vacation has been recovered.

SAME — MOTION TO VACATE — LACHES.

The failure of plaintiff to move to set aside a void decree of foreclosure obtained by her against community property, until after she had attempted by strict foreclosure to cut off the right of redemption of the spouses not made parties to the original foreclosure, would not render her guilty of laches, where the action of strict foreclosure, though not a proper remedy, was begun as soon as she learned that the defendants in the original action had spouses who were not made parties, and, upon a determination of that suit against her, it was immediately followed by motion

for the vacation of the decree and the dismissal of the original action.

DEMAND FOR COST BOND — VOLUNTARY DISMISSAL BEFORE COMPLIANCE — EFFECT.

The fact that defendants had demanded a cost bond from a non-resident plaintiff, under Bal. Code, § 5186, which provides that, in such cases, "all proceedings in the action shall be stayed until a bond, executed by two or more persons, be filed with the clerk," would not operate as a stay against a voluntary dismissal by plaintiff of the action, where she had failed to file the bond.

ORDER FOR COSTS — WAIVER OF PAYMENT.

The action of the court in allowing plaintiff to dismiss his action after procuring the vacation of a decree therein, without the payment of the costs and attorney's fee ordered paid to defendants when the court vacated the decree, does not constitute error, where the plaintiff deposited the money therefor with the clerk of the court, and afterwards withdrew it from the registry of the court and tendered it to defendants, but defendants at all times refused to accept it.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Affirmed.

*R. L. Edmiston* and *A. E. Gallagher,* for appellants.

*Ellis & Fletcher* and *Crow & Williams,* for respondent.

The opinion of the court was delivered by

WHITE, J.—Respondent was the owner of a mortgage upon certain real property in Spokane county. After this mortgage had been given and filed for record, the original mortgagor conveyed the title to a part of the mortgaged premises to P. M. Daniel, and a part to Lelia A. Dyer, two of the appellants. Default being made upon this mortgage, respondent brought this action to foreclose the same, but did not include as defendants Melissa K. Daniel and E. J. Dyer. A decree was afterwards entered in this cause by default, foreclosing said mortgage. The property was sold by the

sheriff, bought in by respondent, and sheriff's deed thereafter delivered to respondent. About the time of the sale it was discovered that P. M. Daniel had a wife, towit, Melissa K. Daniel, and that Lelia A. Dyer had a husband, towit, E. J. Dyer, and that the mortgaged property belonged to the Daniels and Dyers, as their community property, at the time this foreclosure was commenced. Thereupon respondent herein brought an action in the superior court of Spokane county, in strict foreclosure, to foreclose the equity of redemption remaining in Melissa K. Daniel as a member of the community of P. M. Daniel and wife, and E. J. Dyer as a member of the community of Lelia A. Dyer and husband. The superior court of Spokane county rendered a decree foreclosing the equity of redemption of said Melissa K. Daniel and E. J. Dyer as members of the community of Daniel and wife and Dyer and husband. Melissa K. Daniel and E. J. Dyer appealed to this court from said decree, and this court, on the hearing of that appeal in the case of *Dane v. Daniel,* 23 Wash. 379 (63 Pac. 268), rendered an opinion reversing the lower court, and holding that such a proceeding would not lie. Thereupon respondent filed her motion in this cause to set aside the decree in this cause, and all proceedings thereunder, for the reason that said decree was declared void in the decision of this court in the case of *Dane v. Daniel.* Said motion was based upon the pleadings, files, and records in this cause, the affidavit of S. P. Domer attached to the motion, and the decision of this court in *Dane v. Daniel,* and upon the pleadings, files, and records in that case. The affidavit of S. P. Domer shows, among other things, that the attorney and respondent at the time this action was brought did not know Melissa K. Daniel or E. J. Dyer, and did not know

that they claimed or had any interest in the mortgaged
premises, and did not know that P. M. Daniel was a mar-
ried man, or that Lelia A. Dyer was a married woman;
that the record title to said property was in P. M. Daniel
and Lelia A. Dyer. It then sets forth the facts relative
to the strict foreclosure suit, and that in said suit the
decree in this suit was determined by the supreme court
of this state to be void, for the reason that the trial court
obtained no jurisdiction, in that the property sought to be
foreclosed upon was community property, and certain
members of the community had not been made parties.
This motion and affidavit was served upon R. L. Edmiston,
as attorney for the defendants, on the 5th day of February,
1901, together with a notice that the same would be called
up for hearing on the 9th day of February, 1901. Ap-
pellants P. M. Daniel and Lelia A. Dyer alone appeared
to said motion, and filed special objections to the jurisdic-
tion of the court to entertain said motion. The court
thereupon overruled the special objections, and thereupon
the appellants P. M. Daniel and Lelia A. Dyer filed a
general demurrer to said motion or petition of respond-
ent. The demurrer was thereafter overruled by the court,
and an order entered granting plaintiff's motion upon
condition that plaintiff pay the defendants the sum of $18
as costs, and the further sum of $75 attorney's fee.
Thereafter respondent deposited with the clerk for the de-
fendants the amount required to be paid, and upon making
this showing the court entered an order vacating the decree
and all the proceedings thereunder, and allowed plaintiff
to amend her complaint. Thereupon plaintiff amended
her complaint and added as defendants Melissa K. Daniel,
wife of P. M. Daniel, and E. J. Dyer, husband of Lelia
A. Dyer. Thereupon E. J. Dyer filed a demand for se-

curity for costs, and thereupon respondent, without further notice to the defendants, moved the court to be allowed to dismiss this action, which motion was granted; and thereafter she obtained an order from this court, without notice to defendants, withdrawing the money theretofore deposited with the clerk as per order of the court. It is stipulated, however, that, before an order of dismissal was made, the attorney for defendants, Mr. Gallagher, was informed that the money was on deposit with the clerk, and Mr. Gallagher stated that his clients would not accept the money. It is further stipulated that after this case was dismissed, and after plaintiff and respondent had withdrawn said money from the clerk, it was again offered to Mr. Gallagher, and at the same time plaintiff offered Mr. Gallagher the costs due defendants on account of the dismissal of this action, all of which was refused; and thereafter appellants gave their notice of appeal as follows:

"To Zerviah B. Dane, plaintiff, and to Domer and Estep, and Happy and Hindman, her attorneys:

"You and each of you will please take notice that the defendants P. M. Daniel, E. J. Dyer and Lelia A. Dyer hereby appeal to the supreme court of the state of Washington, from a certain order dated April 12, 1901, made, given and entered of record in the above entitled action, in the superior court of the state of Washington for Spokane county, on the 12th day of April, 1901, wherein the above entitled superior court did, upon the motion of the plaintiff, order, adjudge, and decree that the above entitled action be and was by said order dismissed without prejudice to any of the rights of the plaintiff and at the instance of the plaintiff in the above entitled action and from each and every part of said order.

"And said defendants P. M. Daniel, E. J. Dyer and Lelia A. Dyer further hereby appeal to the supreme court of this state from a certain order dated April 12, 1901,

and filed and entered of record in the office of the clerk of the above entitled superior court on the 12th day of April, 1901, wherein and whereby the said superior court did allow the plaintiff to withdraw the sum of money theretofore deposited in the above entitled case, being the money which was ordered to be deposited in this action by an order made, given, and entered in the above entitled action in said superior court, of date 20th of March, 1901, wherein and whereby in said order the said superior court granted the motion of the plaintiff to vacate and set aside the decree, and all proceedings had, and orders made and entered; and, by virtue of said decree in the above entitled action in said superior court, allowed the plaintiff permission to file an amended or supplemental complaint in this action, and to bring in additional parties in this action. Said money being $18.75 costs and disbursements incurred by the defendants prior to the time of the court making such order, and the further sum of $75 attorney's fees in said action, incurred by said defendants prior to the time the court made said order. Said order requiring that said sums be paid to the defendants as a condition of the granting of said order; from which last mentioned order allowing the plaintiff to file an amended complaint in the above action the above named defendants, P. M. Daniel, E. J. Dyer and Lelia A. Dyer, hereby appeal to the supreme court of this state."

The appellants assign as error: (1) The court erred in overruling the special appearance and objections of the appellants P. M. Daniel and Lelia A. Dyer to the motion of plaintiff to vacate decree and set aside sale; (2) the court erred in granting the motion of the plaintiff to vacate and set aside the decree herein, and sale had thereon; (3) the court erred in making the further order allowing the plaintiff leave to file an amended complaint; (4) the court erred in making the order or judgment dismissing this action; (5) the court erred in making the order permitting plaintiff to withdraw the money from the office of

11—28 WASH.

162 DANEDANE v. DANIEL.

Opinion of the Court—WHITE, J. [28 Wash.Opinion of the Court—WHITE, J. [28 Wash.

the clerk, being the money directed to be paid the defendants by order of the court; (6) overruling the demurrer of defendants, P. M. Daniel and Lelia A. Dyer, to the motion, and granting the motion to vacate the decree.

The respondent interposes a motion to dismiss the appeal for the following reasons: (1) That the order overruling appellants' special appearance, assigned as error, is in itself not an appealable order, in that it was not a final order, and is not included in the notice of appeal; (2) that the order overruling appellants' demurrer to plaintiff's motion to vacate the decree and set aside the sale, assigned as error, is not appealable, for the reason that the same was not a final order, and is not included in the notice of appeal; (3) that the order granting plaintiff's motion to vacate and set aside the decree and sale is not appealable, for the reason that the same is not a final order, and is not included in the notice of appeal; (4) that the order allowing plaintiff to file an amended complaint is not appealable, for the reason that the same is not a final order, and for the further reason that this is a matter within the discretion of the trial court; (5) that the order dismissing the action is not appealable, for the reason that said order was entered ex parte, and appellants have not asked relief in the trial court, and are here without exceptions to said order, and for the further reason that, if there was any error in said order, it was error without injury to appellants; (6) that the order permitting plaintiff to withdraw the money deposited with the clerk of the trial court is not appealable, for the reason that said order was an ex parte order, and appellants have asked no relief therefrom in the trial court, and are here without exceptions to said order, and for the further reason that, if there was any error in said order, appellants were not injured there-

by, but have waived the same; (7) that it appears upon the face of the record that this appeal is idle, in that a dismissal of the action has cured every error assigned; (8) that this court has no jurisdiction to hear this appeal. Ordinarily the plaintiff may voluntarily dismiss his action when the defendant has interposed no affirmative defense or counterclaim, and an appeal will not lie from such an order as such dismissal can in no way prejudice or injure the rights of the defendant. *Washington, etc. Inv. Ass'n v. Saunders,* 24 Wash. 321 (64 Pac. 546). This case, however, is not similar to the one cited. In this case the plaintiff was compelled to move for the vacation of a judgment, and sale of property thereunder, and to have such judgment and sale vacated, before she was in a position to dismiss her action. The error complained of is not so much in the order dismissing the action, as in the proceedings to set aside the judgment and sale. The motion to dismiss really goes to the merits of the controversy. The statute provides that any party aggrieved may appeal from a final judgment, and that such appeal shall bring up for review any order made either before or after judgment. The principle that remedial statutes will be liberally construed applies to statutes granting a right of appeal.

"The laws regulating the exercise of the right are intended to afford the party every possible facility in its furtherance consistent with a due regard to the rights of the opposite party; and they should be so construed as most certainly and effectually to attain this object." *Shelton v. Wade,* 4 Tex. 148 (51 Am. Dec. 722).

The order dismissing the action was final, so far as this case is concerned; and, if the appellants are thereby precluded from a hearing on the errors complained of in setting aside the judgment, they are without a remedy.

We think such errors can be reviewed on an order of dismissal voluntarily entered by the plaintiff under the circumstances of this case. The motion to dismiss the appeal is therefore denied.

The principal question involved is, had the court the right to set aside the decree of foreclosure, and sale thereunder? A motion to set aside a judgment is a direct, and not a collateral, attack on the judgment. *Sturgiss v. Dart,* 23 Wash. 244 (62 Pac. 858); *People v. Mullan,* 65 Cal. 396 (4 Pac. 348). We held in *Dane v. Daniel, supra,* that both spouses were necessary parties to a suit brought to foreclose a mortgage covering community real property. In that case we reviewed numerous decisions of this court to justify the conclusions reached by us,— many of them being decisions foreclosing mechanic's liens on community real property,—and held such suits to be analogous to suits foreclosing mortgages. Since then we have held that a decree foreclosing a mechanic's lien on community property was void if both spouses were not made parties to the action. *Peterson v. Dillon,* 27 Wash. 78 (67 Pac. 397). In *Powell v. Nolan,* 27 Wash. 318 (67 Pac. 712), we held that the court had not jurisdiction over the community property, so as to enter a decree affecting the same, unless both spouses were served or appeared in the action. Says Freeman, in his work on Judgments:

". . . If a judgment is void, it must be from one or more of the following causes: (1) Want of jurisdiction over the subject-matter; (2) Want of jurisdiction over the parties to the action, or some of them; or (3) Want of power to grant the relief contained in the judgment. In pronouncing judgments of the first and second classes, the court acts *without* jurisdiction, while in those of the third class it acts in excess of jurisdiction. If the

want of jurisdiction over either the subject-matter or the person appears by the record, or *by any other admissible evidence*, there is no doubt that the judgment is void. . . ." 1 Freeman, Judgments, § 116.

It is universally conceded that a judgment void for want of jurisdiction over the person of the defendant may be vacated on motion, irrespective of the lapse of time. 1 Freeman, Judgments, § 98, and cases cited. The mere service on one spouse does not give the court jurisdiction over the community. *Powell v. Nolan, supra.* The contention of the appellants, that want of jurisdiction must appear from an inspection of the record, and cannot be brought to the attention of the court *dehors* the record, is not sustained by the authorities, and we see no good reasons for so holding, because the motion to set aside a judgment is a direct attack upon the judgment. *Ladd v. Mason,* 10 Ore. 308; *People v. Mullan, supra; Hanson v. Wolcott,* 19 Kan. 207; 1 Black, Judgments, § 307; 1 Freeman, Judgments, § 116. We think, in the absence of any statute, the court has a right to set aside a void judgment. This power is inherent in the court. *Sturgiss v. Dart, supra; In re College Street,* 11 R. I. 472; *Ladd v. Mason, supra.* The first portion of § 4953, Bal. Code, so far as it bears upon void judgments, is merely declaratory of the inherent power of the court.

Appellants contend that they should have had twenty days' notice of the motion to set aside the judgment, and cite *Chehalis County v. Ellingson,* 21 Wash. 638 (59 Pac. 485), in support thereof, wherein it was held that, under § 4953, *supra,* twenty days' notice was required. It is true that in *Chehalis County v. Ellingson* we so held, but that case on this point has been expressly overruled in *Spokane & I. Lumber Co. v. Stanley,* 25 Wash. 653 (66

Pac. 92). In *Chehalis County v. Ellingson, supra,* we also said:

"We do not think that the statute [§ 4953] contemplates in its provisions a case of this kind, where the party moves to dismiss his own action, but that it is a judgment that is taken against him by his adversary."

This language was used with reference to the facts in that case; that is, that a party had no right to dismiss his action, and then afterwards move to reinstate it under that section. The first portion of § 4953 is broad enough to include a proceeding to set aside a void judgment instituted by the person in whose favor the judgment was rendered. This is a remedial statute, and must be liberally construed.

The appellants contend that the motion should have been served on the defendants in the original action, and not upon their attorney who appeared for them in that action. We held in *Sturgiss v. Dart, supra,* that an attorney's authority to represent his client does not cease until a judgment not subject to vacation has been recovered, and that service of a motion to vacate a void judgment could be made upon such attorney after the entry of such judgment.

Appellants demurred to the affidavit of S. P. Domer. Thereby they confessed the facts stated in the affidavit. This affidavit, taken in connection with the decision of this court in the case of *Dane v. Daniel, supra,* which was referred to in the motion, and which the trial court was bound to notice, was certainly sufficient to show the trial court that it had rendered and entered a void decree; and when this fact was called to its attention, it was the duty of the court to clear its record of such a decree. The appellants cannot be heard to complain, for a void decree can neither injure nor benefit any one.

It is next claimed that the respondent was guilty of laches.. The respondent has not been guilty of laches, for the record shows that immediately upon discovering that P. M. Daniel was a married man and that Lelia A. Dyer was a married woman, and that the mortgaged premises were community property of the Daniels and Dyers at the time the foreclosure suit was commenced, she began an action of strict foreclosure, no doubt in good faith believing that to be a remedy, to foreclose the equity of redemption remaining in Melissa K. Daniel and E. J. Dyer. Immediately upon its being determined by this court in the case of *Dane v. Daniel, supra,* that such an action would not lie, and that the decree which had been rendered and entered in this action was void because of the fact that the court had not obtained jurisdiction to render it, in that Melissa K. Daniel, being a member of the community of Daniel and wife, and E. J. Dyer, being a member of the community of Dyer and husband, had not been made parties to this action, she brought this fact to the attention of the court in this cause, and asked to have the void decree and all proceedings thereunder vacated, so that she could bring into this action the community composed of P. M. Daniel and wife, and that composed of Lelia A. Dyer and husband, in order that the court might have jurisdiction to make the proper decree.   She has certainly from the beginning prosecuted her rights diligently, and the most that can be said is that she made a mistake in selecting what she supposed to be a remedy.   When she first discovered the nature of the title of the mortgaged premises, and upon its being shown to her that she had no such remedy, she at once applied to the trial court for relief.   In the case of *Gaffney v. Megrath,* 23 Wash. 476 (63 Pac. 520), cited by the appellants, the parties had

two available remedies; and we held in that case that, by selecting one, the plaintiff must be confined to the one selected. This case is altogether different, for the plaintiff in this action made no selection of an available remedy when she undertook to cure the defect by strict foreclosure. It is not shown that any one has obtained rights or interests by reason of any act or neglect on her part, but the subject matter in litigation is in the same condition with respect to all parties before the court as it was when she commenced this action, and undertook the foreclosure of her mortgage. We do not, therefore, think she has been guilty of laches.

Appellants contend that the court erred in dismissing this action, because defendant E. J. Dyer had filed and served his demand for a cost bond, and this stayed all proceedings in the case until the cost bond was filed; that the court was thereafter without jurisdiction to take any steps whatever in the action until such time as plaintiff filed a cost bond. Section 5186, Bal. Code, provides:

"When a plaintiff in an action resides out of the county, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant. When required, all proceedings in the action shall be stayed until a bond, executed by two or more persons, be filed with the clerk, . . ."

The proceedings to be stayed until such bond is filed are proceedings in furtherance of the action. On failure to file the bond the moving party would have a right to have the action dismissed. The respondent voluntarily dismissed her action. This is all the appellants could have required of her for failure to file the bond. We do not think, therefore, that the mere voluntary dismissal of the

action, was a proceeding in furtherance of the action as contemplated by § 5186, *supra*.

It is next contended by the appellants that the court erred in dismissing the action on the motion of the respondent. When the decree was vacated and the case re-established, it was for all purposes and stood as though no decree had ever been entered. The appellants not having claimed any affirmative relief, they could not have made any objection to the dismissal, even if they had been notified of the intention of the respondent to dismiss, and no reversible error can be predicated on that account.

It is next claimed that the court erred in permitting the plaintiff to dismiss the action without paying to the defendants the costs, amounting to $18.75, and attorney's fee of $75, ordered to be paid by the court when the court vacated the decree. The record shows that this money, was at that time deposited in the case with the clerk, and all the appellants had to do was to take it. The court was not required to wait until the appellants took the money before granting the motion to dismiss, for, if this was the case, the appellants by continuing to refuse to accept the money, could keep the action on the docket forever. The court could not make them take the money, yet they now claim that until they did so the court could not dismiss the suit, though at that time the money was on deposit with the clerk of the trial court for them. Respondent was excused from taking the money to them, for they had stated that they would not accept it. We do not think that it was error in the court to allow the respondent to withdraw this money after the appellants had refused to accept it. If there was any error in this respect, it was cured by the subsequent tender before this appeal was taken.

We conclude that the decree of the court foreclosing the mortgage and ordering a sale of the community real es-

tate of P. M. Daniel and Melissa K. Daniel, E. J. Dyer and Lelia A. Dyer, and the sale thereunder, were absolutely void; that the court was clothed with power, and it was its duty, to set aside such judgment, decree, and sale; that the notice served on the attorney for appellants to set aside said proceedings was sufficient; that the court did not err in dismissing the action on the *ex parte* motion of the respondent.

The judgment of the court below is therefore affirmed; the respondent to recover her costs on this appeal.

REAVIS, C. J., and FULLERTON, HADLEY, ANDERS, MOUNT and DUNBAR, JJ., concur.