McCLINTIC–MARSHALL CO. et al. v. SCANDINAVIAN–AMERICAN BLDG. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. March 3, 1924.)

No. 4172.

1. Appeal and error ⬅983(3)—Judicial sales ⬅20—Court has wide discretion in exercise of reserved power to reject bids, not ordinarily reviewable.

Where property was ordered by the court sold subject to confirmation, reserving the right to reject any and all bids for inadequacy of price, in the exercise of the reserved power the court has a wide discretion, which will seldom be reviewed by an appellate court.

2. Judicial sales ⬅20—Refusal to confirm sale held within discretion of court.

Refusal to confirm a sale of property, where the court reserved the right to reject all bids, on a bid covering only a part of the property offered, held within the discretion of the court, where the property was of much greater value as an entirety, and a sale of the part would leave much of the remainder, in which creditors were interested, of little or no value.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Mortgages ☞512—Right of mortgagee to have mortgaged property sold separately not without qualification.**

While as a general rule a mortgagee has the right on condition broken, to foreclose and have the property sold to the highest bidder, and the proceeds applied to his debt, and cannot be compelled to bid in either the mortgaged property, or that and other property, at a price fixed by the court, that rule is not absolute or without qualification.

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Suit in equity by the McClintic-Marshall Company against the Scandinavian-American Building Company and others. Complainant and another appeal from an order refusing to confirm sale and from an order amending the order of sale. Affirmed.

See also, 281 Fed. 166; Haskell v. McClintic-Marshall Co. (C. C. A.) 289 Fed. 405.

This case was before this court on a former appeal, where a full statement of the facts will be found. Haskell v. McClintic-Marshall Co., 289 Fed. 405. After the case was remanded to the court below, a supplemental decree was entered in conformity with the opinion of this court. The property involved in the foreclosure consisted of the following: Certain terra cotta in storage in the city of Tacoma, furnished by the Washington Brick, Lime & Sewer Pipe Company; certain millwork in storage in the city of Tacoma, furnished by the Tacoma Millwork Supply Company; lots 10, 11, and 12 in block 1003 of the map of New Tacoma, Wash. Ter., and certain material, parts, and supplies situate upon the last-described lots, but not physically incorporated into the building under construction thereon.

The mortgage referred to in the former opinion as the $70,000 mortgage constituted a lien on lots 11 and 12 only. In the supplemental decree the court decreed that the property could not be sold in parcels without material injury to the parties in interest; that all the property should be sold as an entirety for not less than $400,000, subject to confirmation by the court; that no bid should be received which did not segregate the amounts bid, so as to show separately in one item the amount bid for lots 11 and 12, and in another item the amount bid for lot 10, in said block 1003, and the material in storage: "Provided that defendant, John P. Duke, as state supervisor of banking, his successors or assigns, shall have the right to bid separately upon the property covered by his mortgage, and no sale of the entire property to any other bidder shall be confirmed unless in the segregation of such bid there shall be specified as bid for lots 11 and 12 in block 1003 more than the amount bid for said lots by the said J. P. Duke, his successors or assigns, and providing, further, that nothing hereinafter contained as to an upset price upon the entire premises ordered sold shall be construed as preventing the confirmation of the sale of said lots 11 and 12, in block 1003, to said Duke, his successors or assigns, upon the foreclosure of the mortgage now owned and held by him." The court reserved for future consideration all matters relating to the adequacy of the bid; the right to reject any bid, and retake and resell the property purchased, if the court deemed the bid inadequate; and the right to amend and modify the order of sale as occasion and equity might require.

The notice of sale followed the decree and "provided that John P. Duke, as state supervisor of banking, his successors or assigns, shall have the right to bid separately upon the property covered by his mortgage, and no sale of the entire property to any other bidder shall be confirmed, unless in the segregation of such bid there shall be specified as bid for lots 11 and 12, in said block 1003, more than the amount bid for said lots by said John P. Duke, his successors or assigns." The property was offered for sale, and the only

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

bidder was the assignee of Duke, who bid the sum of $126,363.65 for the two lots covered by the mortgage. There were no other bidders for the premises offered for sale or any part thereof. Objections to confirmation were interposed, upon the ground that the bid was inadequate and for other reasons not material here. The court sustained the objections to the confirmation and amended the order of sale under the power reserved for that purpose. The terms of the amended decree are only material in so far as they affect the rights of the mortgagee or his assignee. Under the amended decree the property cannot be sold for less than $300,000, and the court eliminated that part of the decree authorizing a separate sale of the mortgaged premises. From the order refusing confirmation, and from the order amending the order of sale, this appeal is prosecuted.

Elmer M. Hayden, Maurice A. Langhorne, and Frederic D. Metzger, all of Tacoma, Wash., for appellant McClintic-Marshall Co.

Elmer M. Hayden and Frederic D. Metzger, both of Tacoma, Wash. (Gordon & Smith, of Pittsburgh, Pa., of counsel), for appellant Langhorne.

R. S. Holt, of Tacoma, Wash., for appellee Far West Clay Co.

R. S. Holt, J. F. Fitch, and J. M. Arntson, all of Tacoma, Wash., for appellee Savage-Scofield Co.

Edwin H. Flick, of Seattle, Wash., for appellee Davis.

Walter S. Fulton, of Seattle, Wash., for appellee Crane & Co.

Charles P. Lund, of Spokane, Wash., and Robert M. Davis, of Tacoma, Wash., for appellee Washington Brick, Lime & Sewer Pipe Co.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge (after stating the facts as above). [1, 2] This was not a suit to set aside a consummated sale, or a sale after confirmation by the court, for mere inadequacy of price, and for that reason many of the authorities cited by the appellants have little or no application. Here the property was ordered sold subject to confirmation, and the court reserved the right to reject any and all bids for inadequacy of price. In the exercise of this reserved power the court was vested with a wide discretion, and the exercise of that discretion will seldom be reviewed by an appellate court. The situation confronting the court below was a difficult one at best. The value of the property involved depended largely upon a common ownership. The building was under construction upon three lots, and no doubt the three lots were more valuable in a common ownership than in a divided one. Aside from this, the terra cotta and millwork, fashioned and manufactured for this particular building and costing upwards of $100,000, were of little or no value to any person other than the owner of the building.

The sale of the two lots without reference to the third lot, and without reference to the materials in question, will therefore greatly impair the value of the third lot, and will practically destroy the commercial value of the materials; in other words, little or nothing is left for the other lien claimants, and it goes without saying that such a sale should not be approved, unless absolutely required by the necessities of the case. Furthermore, it is very questionable whether the mortgaged lots were in fact sold at public auction to the highest bidder as required by law. The property was ordered sold as an entirety, and

bidders were therefore required to bid upon it as an entirety. True, they were required to segregate their bids as between the mortgaged lots and the other lot; but there is nothing in the decree expressly authorizing or permitting outsiders to bid on the mortgaged lots only, without reference to the other property. If no bids were offered for the property in its entirety, it would seem to be the duty of the special master to strike the mortgaged property off to the mortgagee or his assignees, without other bids, and without competition. The decree may admit of a different construction, but it likewise admits of the construction we have suggested, and for that reason outsiders may well have been deterred from bidding separately for the mortgaged lots alone. For these reasons it is clear to us that the court did not abuse its discretion in refusing to confirm the sale.

The last supplemental decree provides that the entire property shall not be sold for less than $300,000, and that the mortgaged portion shall not be sold for less than the amount of the mortgage debt, with accrued interest, costs, attorney's fees, the amount of certain receiver's certificates, and increased costs. No provision is made for a separate sale of the mortgaged part, in the event that the property cannot otherwise be sold under the terms of the decree, and it is because of the absence of any such provision that this part of the appeal is prosecuted.

[3] As a general rule, no doubt, the mortgagee has the right, upon condition broken, to foreclose his mortgage and have the. mortgaged property sold at public auction to the highest bidder, and the proceeds of the sale applied in satisfaction of the mortgage debt; and in order to obtain a satisfaction of his mortgage he cannot be compelled to bid in either the mortgaged property, or the mortgaged property and other property, at a price fixed by the court. Dane v. Daniel, 23 Wash. 379, 387, 63 Pac. 268; Bailey v. Hendrickson, 25 N. D. 500, 143 N. W. 134, Ann. Cas. 1915C, 739; Bronson v. Kinzie, 1 How. 311, 11 L. Ed. 143. But this rule is not absolute, or without qualification. Thus in Shepherd v. Pepper, 133 U. S. 626, 10 Sup. Ct. 438, 33 L. Ed. 706, one party held two liens by deeds of trust on a part of an indivisible tract, and a second party held a like lien on the remainder. The decree of foreclosure directed a sale of the entire tract as one parcel, authorized the auditor of the court to ascertain the relative values of the two parcels, and provided that the proceeds of the sale should be applied on the debts secured by the different deeds of trust in accordance with the values thus ascertained. This decree was affirmed by the Supreme Court. Mr. Justice Miller dissented, saying:

"I dissent from so much of the judgment of the court in this case as requires the entire property to be sold together and make provision afterwards for dividing the proceeds according to the valuation that may be made to ascertain how much of the money should go to appellant, Maria Gray. I am of opinion that she has a right to have the piece of ground, on which her mortgage is declared to be the first lien, sold separately, so that she can bid whatever sum she may see proper in satisfaction of her mortgage."

This shows very clearly that the broad claim now made by the appellants was there asserted and denied. The facts in this case fully war-

rant the application of the rule there announced, and a court of equity should exert its authority to the utmost to prevent a sacrifice of the property. Under the terms of the decree as entered, the appellants will receive the full amount of their mortgage debt, if a sale is made in accordance therewith, and to more than this they are not entitled. If the property cannot be sold, we cannot anticipate the changes that may be made necessary in the form of the decree or the terms of sale.

The order denying confirmation of sale and modifying the decree is affirmed.