[No. 26517.   Department Two.   February 2, 1937.]

MARY H. SHARP, *Respondent*, v. HENRY F. JACKS *et al.*,
*Defendants*, J. L. MULLIN *et al.*, *Appellants*.[1]

*C. S. Goshert*, for appellants.

*Burkheimer & Burkheimer*, for respondent.

HOLCOMB, J.—This appeal is from an order granting respondent a writ of assistance after foreclosure of a real estate mortgage.

Prior to August 10, 1936, when a sale was made, respondent, as the assignee of Martin Investment Company, foreclosed a real estate mortgage upon the following described real estate in King county:

"South ten feet of lot 10 and all of lots 11 and 12, block 10, Plat of the 3rd Motor Line Addition to the City of Seattle, King county, Washington, as per map recorded in Volume 4 of Plats, Page 39, records of said county."

In the foreclosure proceeding, respondent made parties defendant Henry F. Jacks and Anna M. Jacks, his wife; Ned Cole and Hazel Cole, his wife; J. C. Perrin, a bachelor; J. L. Mullin and Gertrude Mullin, his wife.   Upon her application for a writ of assist-

[1]Reported in 64 P. (2d) 790.

ance, an order to show cause was issued to defendants J. L. Mullin and wife, returnable August 19, 1936. On the return of the show cause order, they filed, on August 18, 1936, their affidavit that they received a conveyance from defendant J. C. Perrin, who represented himself to be a single man; that, within one month prior to August 18, 1936, they had learned that Perrin was a married man; and asked for time to clear the title so they could redeem it.

Respondent filed affidavits controverting the affidavit of the Mullins; among others, one by J. C. Perrin himself that he was, in truth and in fact, a single man, and that the affidavit of the Mullins was false. Other affidavits disclosed that Perrin was never the owner of the legal title to the premises and never had received a conveyance to himself or to any marital community of which he was a part; that the record title, until the issuance of the sheriff's deed to respondent on August 10, 1936, was in defendants Jacks, and at that trial Perrin testified that he was a bachelor. The answer of the Mullins shows that they claimed to have received a deed from the mortgagors Jacks. This deed was introduced in evidence in the trial of the action, but was never recorded. There is also in the record a deed from Perrin, a single man, to J. L. Mullin, which has never been recorded.

Appellants contend that the foreclosure decree was void because no service was made upon the wife of J. C. Perrin, and cite *Dane v. Daniel,* 23 Wash. 379, 63 Pac. 268, to the effect that the husband and wife are both necessary parties to an action to foreclose a mortgage upon their community property, and *Dane v. Daniel,* 28 Wash. 155, 68 Pac. 446, to the effect that the mere service of one spouse does not give the court jurisdiction over the community. In the cases cited, however, Daniel, a subsequent grantee

of one of the mortgagors, was a married man whose wife was known to exist and they had removed to another state.

There is no likeness between the cases cited and this case. In this case, there is no married man involved. If there is an undisclosed wife, she is the only one who can maintain an action to set aside the decree or the sheriff's deed herein. *Sadler v. Niesz,* 5 Wash. 182, 31 Pac. 630, 1030.

The order was right and is affirmed.

STEINERT, C. J., TOLMAN, MILLARD, and ROBINSON, JJ., concur.